UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZOE B.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:18-CV-05670-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide any specific, legitimate reason, supported by substantial evidence, to reject medical opinion evidence from Dr. Peter A. Weiss, Ph.D. Had the ALJ properly considered Dr. Weiss's opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 24, 2015, Plaintiff filed an application for SSI, alleging disability as of December 9, 2014. *See* Dkt. 10, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ John Michaelsen held a hearing on July 10, 2017. AR 36-62. In a decision dated September 27, 2017, the ALJ determined Plaintiff to be not disabled. AR 12-35. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider Dr. Weiss's medical opinion; and (2) provide legally sufficient reasons to reject Plaintiff's subjective symptom testimony and two lay witness opinions. Dkt. 21, pp. 3-13. Plaintiff requests, as a result of the ALJ's alleged errors, the Court remand this case for an award of benefits. *Id.* at p. 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I. Whether the ALJ properly considered Dr. Weiss's medical opinion.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons to reject Dr. Weiss's opinion. Dkt. 21, pp. 9-12.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Weiss performed a psychological evaluation of Plaintiff on May 18, 2015. AR 313-19. Dr. Weiss's evaluation included a review of a prior psychological evaluation, a clinical interview, a mental status examination, and a Personality Assessment Inventory ("PAI"). *See* AR 313-19. Dr. Weiss opined Plaintiff has moderate limitations in two areas of basic activities: the ability to understand, remember, and persist in tasks by following detailed instructions; and the ability to learn new tasks. AR 315. Dr. Weiss found Plaintiff markedly limited in her ability to adapt to changes in a routine work setting. AR 315. Further, Dr. Weiss determined Plaintiff has several severe limitations, such as in her ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan

independently. AR 315. Dr. Weiss opined Plaintiff is also severely limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 315. Lastly, Dr. Weiss found Plaintiff severely limited in her ability to complete a normal workday or workweek without interruptions from psychologically based symptoms. AR 315.

The ALJ summarized Dr. Weiss's evaluation and gave the opinion "limited weight" for five reasons:

> (1) [Dr. Weiss's] opinions are largely based on the claimant's subjective complaints (2) and are inconsistent with her actual activities of daily living described above. (3) Additionally, it was a one-time examination (4) and there is no evidence he did any testing of the claimant or even a mental status examination other than a check box form. (5) Furthermore, there is no support in the record for his suggestion the claimant is mentally incapable of adhering to a normal workweek.

AR 28 (numbering added).

First, the ALJ gave Dr. Weiss's opinion limited weight because he found the opinion largely based on Plaintiff's reports. AR 28. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). But a psychiatrist's clinical interview and mental status examination are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." *Id.* "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Id.* Because this "is the nature of psychiatry. . . . the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (citations omitted).

In reaching his opinion, Dr. Weiss reviewed a previous psychological evaluation, observed Plaintiff, and conducted a clinical interview and mental status examination. *See* AR 313-19. In the clinical interview, Dr. Weiss noted Plaintiff reported a history of physical and verbal use, having nightmares, and that she does not socialize. AR 313. On the mental status examination, Dr. Weiss found Plaintiff exhibited a depressed mood, dysthymic affect, and "was tearful[.]" AR 316. Dr. Weiss observed Plaintiff "appeared reluctant to provide historical information" throughout the interview. AR 316. Dr. Weiss found Plaintiff "at times uncooperative," "appeared emotionally volatile," and noted that she "became angry at the examiner for asking routine psychiatric interview questions." AR 314. While most aspects of the mental status examination were normal, Dr. Weiss found Plaintiff not within normal limits on insight and judgment, opining Plaintiff's insight and judgment "appear significantly compromised by her personality disorder and other psychiatric symptoms." AR 317. Further, Dr. Weiss did not discredit Plaintiff's subjective reports. Given that Dr. Weiss reviewed a psychological report, observed Plaintiff, and conducted objective psychological tests, the ALJ's decision to discredit Dr. Weiss's opinion for being "largely based" on Plaintiff's complaints is not a specific and legitimate reason for doing so.

Second, the ALJ discredited Dr. Weiss's opinion because he found the opinion inconsistent with Plaintiff's activities of daily living. AR 28. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). But "an ALJ errs when he rejects a medical opinion or assigns it little weight while . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Instead, the ALJ must state his interpretations of the evidence and explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

In this case, the ALJ's second reason for discounting Dr. Weiss's medical opinion was conclusory, as he failed to provide his interpretation of the evidence and explain why Dr. Weiss's opinions regarding Plaintiff's limitations should be rejected. *See* AR 28. Specifically, the ALJ did not provide an explanation as to how Plaintiff's "actual activities of daily living" are inconsistent with Dr. Weiss's findings that Plaintiff is limited in various work activities. *See* AR 28. The ALJ also failed to identify any of Plaintiff's activities that he found inconsistent with Dr. Weiss's opinion. Accordingly, the ALJ erred, as this vague, conclusory statement does not reach the specificity necessary to justify rejecting Dr. Weiss's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Third, the ALJ assigned limited weight to Dr. Weiss's opinion because Dr. Weiss performed "a one-time examination." AR 28. An examining physician, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See*

20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). In general, an ALJ may give more weight to a treating physician than a non-treating physician. *Andrews*, 53 F.3d at 1040-41; *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014). Hence, the ALJ's decision to discount Dr. Weiss's opinion simply because he is not a treating source is not a specific and legitimate reason to discount this opinion. *See Lester*, 81 F.3d at 830 (an ALJ must give specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion).

Fourth, the ALJ discounted Dr. Weiss's opinion because there was "no evidence he did any testing of [Plaintiff] or even a mental status examination other than a check box form." AR 28. An ALJ may "permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996)). But "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison*, 759 F.3d at 1013).

In this case, Dr. Weiss provided his opinion on a Washington State Department of Social and Health Services evaluation form. *See* AR 313-17. Although Dr. Weiss opined to limitations in "check-off" format, the evaluation form includes notes from Dr. Weiss's clinical interview, mental status examination, and PAI, in addition to Dr. Weiss's clinical findings. *See* AR 313-19. Thus, while the ALJ found "no evidence" Dr. Weiss performed any testing, this finding is

directly undermined by Dr. Weiss's evaluation form, which shows the testing he performed – including a mental status examination. *See* AR 28, 313-19. Accordingly, the ALJ's finding that Dr. Weiss's opinion is merely a check-box form with no observations or narrative is not supported by substantial evidence in the record. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

Fifth, the ALJ found "no support in the record" for Dr. Weiss's opinion that Plaintiff cannot adhere to a normal workweek. AR 28. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, however, the ALJ failed to articulate any reason as to how he found the record does not support this opined limitation from Dr. Weiss. *See* AR 28. Given the ALJ's vague, conclusory reasoning, the Court finds this reason not sufficiently specific to reject Dr. Weiss's opinion. *See Embrey,* 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.").

Lastly, the Court notes Defendant's Brief contains several instances of *post hoc* rationalizations. *See, e.g.*, Dkt. 11, pp. 7-9. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation

omitted). In this case, Defendant argues the ALJ properly found Dr. Weiss's opinion based on Plaintiff's self-reports because Dr. Weiss noted Plaintiff was "uncooperative" in the examination. Dkt. 22, pp. 7-8. But the ALJ simply stated Dr. Weiss's opinion was "largely based" on Plaintiff's reports and did not make this finding based on Plaintiff's lack of cooperation. *See* AR 28. Likewise, while Defendant provides an explanation and record citations attempting to show how Plaintiff's activities undermine Dr. Weiss's opinion, the ALJ provided no explanation or citations to support this finding. *See* AR 28; *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the [Social Security Administration's] ultimate findings.").

Defendant also argues the ALJ's reasoning should be upheld because "as the ALJ pointed out, other opinions contemplated that Plaintiff could return to work after treatment." *Id.* at p. 8 (citing AR 27). Yet the ALJ did not provide this rationale in his assessment of Dr. Weiss's opinion. *See* AR 28. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted). Hence, Defendant's *post hoc* arguments are improper.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Weiss's opinion. As such, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at

1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Weiss's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained greater limitations. For example, Dr. Weiss opined Plaintiff is severely limited in her ability to communicate and perform effectively in a work setting – indicating an inability to perform this activity. *See* AR 315. The ALJ, on the other hand, found Plaintiff capable of performing superficial contact in the workplace. *See* AR 19, 58. Moreover, Dr. Weiss found Plaintiff severely limited in her ability to complete a normal workday or workweek without interruptions from psychologically based symptoms. AR 315. Because the ultimate disability determination may have changed may have changed with proper consideration of Dr. Weiss's opinion, ALJ's errors are not harmless and require reversal.

## II. Whether the ALJ properly assessed Plaintiff's subjective symptom testimony and the lay witness testimony.

Plaintiff maintains the ALJ failed to provide legally sufficient reasons to reject Plaintiff's subjective symptom testimony and the lay witness testimony. Dkt. 21, pp. 3-9, 12-13. The Court has determined the ALJ committed harmful error in assessing Dr. Weiss's opinion, and as such, this case must be remanded. *See* Section I., *supra*. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical

opinion evidence may impact her assessment of Plaintiff's subjective testimony and the lay witness opinions, the ALJ shall reconsider Plaintiff's subjective symptom testimony and the lay witness testimony on remand.

### III. Whether an award of benefits is warranted.

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 21, p. 13.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

The Court has instructed the ALJ to re-evaluate Dr. Weiss's opinion, Plaintiff's subjective symptom testimony, and the lay witness testimony on remand. Because outstanding issues remain regarding the medical opinion evidence, the RFC, Plaintiff's testimony, the lay witness testimony,

and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.[1]

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 15th day of April, 2019.

David W. Christel
United States Magistrate Judge

---

[1] Plaintiff also briefly requests the ALJ be instructed to consider "ordering consultative examinations" on remand "to more fully develop the record." Dkt. 21, p. 13. Yet Plaintiff fails to offer any particularized argument regarding how the evidence in the record was ambiguous or inadequate such that it triggered the ALJ's duty to develop the record. *See id.* Given the lack of argument accompanying Plaintiff's request, the Court declines to instruct the ALJ on this issue. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider an issue that a plaintiff fails to argue "with any specificity in [her] briefing").